UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

THOMAS GESUALDI, LOUIS BISIGNANO, MICHAEL O'TOOLE, MICHAEL C. BOURGAL, DARIN JEFFERS, JOSEPH A. FERRARA, SR., FRANK H. FINKEL, MARC HERBST, DENISE RICHARDSON, and THOMAS F. CORBETT, as Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund,

           Plaintiffs,

- against -

DIFAMA CONCRETE, INC.,

           Defendant.

-----------------------------------------------------------------------x

Civil Action No.:

## COMPLAINT

Plaintiffs Thomas Gesualdi, Louis Bisignano, Michael O'Toole, Michael C. Bourgal, Darin Jeffers, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, and Thomas F. Corbett, as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "Funds"), for their complaint allege as follows:

## INTRODUCTION

This is an action brought under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA") to collect delinquent contributions and various other sums owed by an employer to employee benefit plans.

00926419.1

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§185(a), 1132(a)(3), 1132(e)(1), 1132(f) and 1145.

2. Venue lies in this district under 29 U.S.C. §1132(e)(2), as the Funds are administered in this district. Venue also lies in this district under 29 U.S.C. §185(a).

## THE PARTIES

3. Plaintiffs are Trustees and fiduciaries of the Funds within the meaning of 29 U.S.C. §1002(21)(A), as they have discretion and control over the assets and administration of the Funds.

4. The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of 29 U.S.C. §1002(3) and §1002(37), with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042.

5. The Funds are jointly administered by a Board of Trustees, comprised of an equal number of labor and management representatives in accordance with Section 302(c)(5) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §186(c)(5).

6. The Funds are maintained pursuant to a Restated Agreement and Declaration of Trust (the "Trust Agreement") for the purposes of collecting and receiving contributions from employers bound to collective bargaining agreements with the Building Material Teamsters Local 282, International Brotherhood of Teamsters (the "Union") and providing benefits to eligible participants.

7. The collective bargaining agreements and the Trust Agreement set forth "terms of the plan," establishing that the Trustees are fiduciaries responsible for administering the Funds and that the Funds are beneficiaries of the collective bargaining and Trust Agreement

terms. Accordingly, the Trustees have legal right to bring suit under 29 U.S.C. §1132(a)(3) and 29 U.S.C. §1145.

8. DiFama Concrete, Inc. (the "Company") is, and at all times relevant to this action has been, an "employer" within the meaning of 29 U.S.C. §1002(5) and the Trust Agreement.

**FACTUAL BASIS FOR CLAIM**

The Collective Bargaining Agreement, the Trust
<u>Agreement and the Obligation To Contribute to the Funds</u>

9. The Company is bound to the Building Contractors Association Industry Agreements with Local 282 for the periods July 1, 2011 through June 30, 2016 and July 1, 2016 through June 30, 2021 (the "CBAs").

10. At all times relevant to this action, the CBAs have required the Company to make contributions to the Funds on behalf of its employees who are covered by the CBAs, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBAs.

11. Along with the contributions, the Company is also required to submit remittance reports to the Funds. The remittance reports provide the Company's statement of the employees who performed work covered by the CBAs and the number of hours each such employee worked in covered employment.

12. Upon information and belief, contributions based on required to be submitted remittance reports will become due and owing during the pendency of this action.

13. The CBAs provide that the Company is bound to the Trust Agreement.

14. The Trust Agreement requires an Employer to submit to periodic audits. Specifically, the Trust Agreement provides that "[t]he Trustees may at any time audit the

pertinent books and records of any Employer in connection with" the Employer's contributions to the Funds.

15. The Trust Agreement provides that if the Company fails to remit contributions by the date due, the Company is liable to the Funds for (i) the delinquent contributions; (ii) interest at the rate of 1.5% per month (18% per year); (iii) an amount equal to the greater of (a) interest on the delinquent contributions or (b) liquidated damages of 20 percent of the delinquent contributions; (iv) audit fees and (v) the Funds' attorney's fees and costs.

16. The CBAs provide that if the Company fails to remit contributions to the Funds when due, the Funds are entitled to the remedies set forth in Section 502(g)(2) of ERISA.

Audit #17-0500-A1

17. An examination of the Company's books and records for the period from April 29, 2015 through May 31, 2016 (Audit #17-0500-A1), reflects that on behalf of certain employees the Company owes $22,822.98 in contributions due, interest on said contributions at the rate of eighteen percent per year, liquidated damages, audit fees, and attorney's fees and costs.

18. Through various correspondences, the Funds and their legal counsel requested payment of the amounts due on Audit #17-0500-A1.

19. Despite the foregoing actions, the Company has failed to pay the amounts due on Audit #17-0500-A1.

Audit #18-0664

20. An examination of the Company's books and records for the period from June 1, 2016 through July 25, 2017 (Audit #18-0664), reflects that on behalf of certain employees the Company owes $73.44 in contributions due, interest on said contributions at the rate of eighteen percent per year, liquidated damages, audit fees, and attorney's fees and costs.

21. Through various correspondences, the Funds requested payment of the amounts due on Audit #18-0664.

22. Despite the foregoing actions, the Company has failed to pay the amounts due on Audit #18-0664.

Other Amounts

23. On information and belief, additional contributions (based on remittance reports and/or additional audits), interest, liquidated damages, audit fees, and attorney's fees and costs will continue to become due and owing by the Company to the Funds during the pendency of this action.

## **COUNT I — ERISA**

24. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

25. Section 515 of ERISA, 29 U.S.C. §1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

26. The Company' failure to pay contributions interest, liquidated damages, and attorney's fees and costs owing to the Funds and to submit remittance reports violates the CBAs and the Trust Agreement which is incorporated into the CBAs, and thus gives rise to an action under ERISA Section 515.

27. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [Section 515] in which a judgment in favor of

    the plan is awarded, the court shall award the plan,
the unpaid contributions,
- (a)  interest on the unpaid contributions,
- (b)  an amount equal to the greater of
  - (i)  interest on the unpaid contributions or;
  - (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the [unpaid contributions],
- (c)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and
- (d)  such other legal or equitable relief as the court deems appropriate.

    For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan….

28.  The Funds are thus entitled under ERISA Section 502(g)(2) to unpaid contributions, interest, liquidated damages, and attorney's fees and costs.

## COUNT II — LMRA

29.  Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

30.  By failing to pay the contributions and other amounts owing, the Company has violated the CBAs and the Trust Agreement, which is incorporated into the CBAs.

31.  The Funds are thus entitled under LMRA Section 301(a) to the unpaid contributions, interest, liquidated damages, attorney's fees and costs.

## PRAYER FOR RELIEF

    WHEREFORE, Plaintiffs request that the Court enter a judgment:

1.  ordering the Company to submit all remittance reports for any month for which all such reports have not been submitted as of the date judgment is entered and ot pay any corresponding contributions plus damages due;

2.  ordering the Company to pay to the Funds (i) all delinquent contributions owed based on the audits and remittance reports; (ii) interest on all delinquent and late-paid

contributions at the rate of 18% per year from the first day of the month when the payment was due through the date of payment; (iii) an amount of liquidated damages equal to the greater of (a) interest on the delinquent and late-paid contributions or (b) 20 percent of the delinquent contributions; (iv) audit fees; and (v) the Funds' attorney's fees and costs.

   3. Providing such other legal and equitable relief as the Court deems proper, including injunctive relief where warranted.

Dated: New York, New York
   January 31, 2018

Joseph J. Vitale
Michael S. Adler
COHEN, WEISS AND SIMON LLP
900 Third Avenue
New York, New York 10022
(212) 563-4100

Attorneys for Plaintiffs